IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN FEINGOLD | : | CIVIL ACTION |
| | : | NO.  12-3442 |
| v. | : | |
| | : | |
| PHILLIP GODDARD | : | |

O'NEILL, J.                                                                                                                                                                                                                                                                                                 January 16, 2014

## **MEMORANDUM**

      Plaintiff Allen Feingold, proceeding pro se, is a disbarred attorney.  He sued his former client, defendant Phillip Goddard, to recover allegedly outstanding fees for legal services and seeking partial assignment of Goddard's claim against State Farm Mutual Automobile Insurance Company.[1]  Goddard filed a third-party complaint against State Farm.  Presently before me is State Farm's motion to dismiss Goddard's third-party complaint.  For the following reasons I will grant defendant's motion.

## BACKGROUND

     Plaintiff claims that he provided legal service to defendant Goddard for many years and that Goddard became indebted to him for expenses in excess of $75,000. Dkt. No. 3 at ¶ 6. Plaintiff alleges Goddard offered to assign plaintiff a portion of his interest in his tort claim against State Farm in order to pay the debt. Id. at ¶ 8.  Plaintiff states that he "agreed to accept such assignment from [Goddard] with the proviso that if the assignment were ever invalidated by

---

[1]     In Civil Action No. 11-6309 Feingold and Goddard sued State Farm for bad faith and breach of contract arising from State Farm's refusal to pay Goddard UM/UIM benefits under his policy.  On April 3, 2013 I granted State Farm's motion to dismiss Feingold's claims, and ordered that Feingold cease his participation in Goddard's case. Dkt. No. 15 at 1.  Feingold appealed this order and the Court of Appeals affirmed it on May 10, 2012.  In this action Feingold seeks partial assignment of this claim as payment for Goddard's alleged debt to him.

a court, defendant would remain liable to plaintiff for the full amount . . ." Id. at ¶ 9.  Goddard's third-party complaint against State Farm in this action alleges that if Goddard is liable to Feingold for fees then State Farm "is liable to Goddard by way of indemnity and/or contribution or otherwise, or is alone liable to Feingold because most of the debts alleged by Feingold were generated as a result of the conduct and actions of State Farm."  Dkt. No. 8 at ¶ 3.  State Farm claims that Goddard has failed to state facts sufficient to maintain a cause of action against State Farm.  Dkt. No. 10 at 5.

The underlying automobile accident, for which both Goddard and Feingold sought damages from State Farm, is not presently the subject of any cause of action.  I dismissed Feingold's and Goddard's claims in separate orders.  Goddard v. State Farm Mut. Ins. Co., Civil Action No. 11-6309, Dkt. No. 15; id., Order of January 16, 2014.  Importantly, Goddard therefore no longer has any assignable interest in a tort claim against State Farm.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations omitted).  The question is not whether plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007).  Instead, for Feingold's claims to survive defendant's motion to dismiss, his "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## DISCUSSION

In the present action plaintiff seeks to enforce an assignment that I have already found to be void. Feingold v. State Farm Mut. Auto. Ins. Co., No. 11-6309, 2012 WL 1106653, at *4 (E.D. Pa. Apr. 3, 2012) (stating "[t]his assignment [ ] violates Pennsylvania policy concerning disbarred attorneys. A contract is void if it would run afoul of public policy."). State Farm cannot be liable to Feingold for this assignment because I have already concluded that the invalid assignment does not entitle Feingold to any right of recovery.

Additionally, State Farm is not liable for contribution or indemnification because State Farm has no relationship to Goddard that would cause it to be secondarily liable to Feingold. "Indemnity is a right which ensures to a person who, without active fault on his own part, has been compelled, by reasons of some legal obligation, to pay damages occasioned by the initial negligence of another and for which he himself is secondarily liable." Builders Supply Co. v. McCabe, 77 A.2d 368, 370 (Pa. Super. Ct. 1951). In this case, the only relationship between State Farm and Goddard was that of insurer and insured, which does not trigger an obligation of indemnification for an alleged breach of contract between insured and his former counsel. Further, case law in this district clearly establishes that Goddard would not be liable to Feingold for compensation for representation because Feingold terminated his representation prematurely due to disbarment. See e.g. Pearson v. Tanner, No. 12-798, 2012 WL 1432282, at *6 (E.D. Pa. Apr. 25, 2012); Feingold v. Graff, No. 12-1090, 2012 WL 2400998, at *3 (E.D. Pa. Apr. 26, 2012). Therefore, State Farm need not indemnify Goddard because Goddard is not himself liable

to Feingold for either the invalid assignment or his fees for representation on Goddard's claim against State Farm.

Neither is State Farm liable for contribution. Pursuant to the Pennsylvania Uniform Contribution Among Tortfeasors Act, contribution is available only among joint tortfeasors. <u>Kemper National P & C Cos. v. Smith</u>, 615 A.2d 372, 380 (Pa. Super. Ct. 1992). Joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them," which is clearly not the case here.

Finally, even if the assignment were valid, and if there were a relationship between Goddard and State Farm warranting indemnification or contribution, the third-party complaint against State Farm would still warrant dismissal because I have granted summary judgment in favor of State Farm on the underlying claim of which Feingold seeks assignment. The present third-party complaint against State Farm is moot because the damages plaintiff seeks are not recoverable. Therefore, I will grant State Farm's motion to dismiss Goddard's third-party complaint.

An appropriate Order follows.